# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO WALLACE, | ) | |
| Movant, | ) | |
| v. | ) | No. 4:17CV2258 HEA |
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of Antonio Wallace to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is denied.

On June 17, 2015, movant pled guilty to possession with intent to distribute heroin and possession of a firearm in furtherance of a drug trafficking crime. *United States v. Wallace*, No. 4:15-CR-37 HEA. On September 14, 2015, the Court sentenced him to 137 months' imprisonment. He did not appeal. Nor did he file a timely § 2255 motion.

Movant argues that recent Supreme Court cases that are retroactively available on collateral review dictate that his Criminal History Category be reduced from V to IV. Specifically, he argues that the Court's holdings in *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Molina-Martinez v. United States*, 136 S.Ct. 1338 (2016), require the Court to correct his sentence.

The motion is time-barred. Neither *Mathis* nor *Molina-Martinez* announced a new rule retroactively available on collateral review. *Mathis* was a statutory interpretation case, not a substantive constitutional challenge under the Due Process Clause. *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* did not announce [a new rule made

retroactive by the Supreme Court]; it is a case of statutory interpretation."); *see also United States v. Evenson*, ---F.3d---, 2017 WL 3203547 (8th Cir. July 28, 2017) ("As the Supreme Court presented it, the decision [in *Mathis*] simply reflected the 'straightforward' application of decades of precedent."). And *Molina-Martinez* involved an application of the Sentencing Guidelines, which are not subject to attack under the Due Process Clause. *See Beckles v. United States*, 137 S.Ct. 886, 894 (2017). Therefore, the limitations period was not reopened under § 2255(f)(3).

There are no available arguments that might entitle movant to equitable tolling. As a result, this action is dismissed.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Antonio Wallace to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED**.

An Order of Dismissal will be filed forthwith.

Dated this 17th day of August, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE