# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO WALLACE, | ) | |
| Movant, | ) ) ) | |
| v. | ) | No. 4:17CV2258 HEA |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is movant's motion for reconsideration of the Court's dismissal of movant's motion to vacate set aside, or correct his sentence under 28 U.S.C. § 2255. The Court dismissed his motion to vacate as time-barred on August 27, 2017.

On June 17, 2015, movant pled guilty to possession with intent to distribute heroin and possession of a firearm in furtherance of a drug trafficking crime. *United States v. Wallace*, No. 4:15-CR-37 HEA. On September 14, 2015, the Court sentenced him to 137 months' imprisonment. He did not appeal. Nor did he file a timely § 2255 motion.

In movant's motion to vacate his sentence, movant argued that recent Supreme Court cases that are retroactively available on collateral review dictate that his Criminal History Category be reduced from V to IV. Specifically, he argued that the Supreme Court's holdings in *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Molina-Martinez v. United States*, 136 S.Ct. 1338 (2016), require the Court to correct his sentence. He repeats these same arguments in his motion for reconsideration.

The Court found these arguments unavailing in movant's motion to vacate, and movant's motion for reconsideration has not rendered a different decision.

Neither *Mathis* nor *Molina-Martinez* announced a new rule retroactively available on collateral review. *Mathis* was a statutory interpretation case and *Molina-Martinez* involved an application of the Sentencing Guidelines. Neither case involved a substantive constitutional challenge under the Due Process Clause. Therefore, the limitations period was not reopened under § 2255(f)(3).

Movant has not provided the Court with allegations that would entitle him to equitable tolling.[1] As a result, there are no grounds for reconsideration of the dismissal of his § 2255 as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for reconsideration of the dismissal of this action [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued.

Dated this 22nd day of September, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] Although movant states that when he was in MDOC custody he "had no access to any federal law material to adequately combat his conviction and sentence appropriately," this statement, in and of itself, is not enough grounds for an equitable tolling defense. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").